```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

UNITED STATES OF AMERICA

v.                                         CRIMINAL NO. 2:04-00019-04

ERIC GIRAULT,
     also known as "E"


MEMORANDUM OPINION AND ORDER

In Bluefield, on December 21, 2011, came the defendant Eric Girault, in person and by counsel, George H. Lancaster, Jr.; and came the United States by R. Gregory McVey, Assistant United States Attorney, for the purpose of considering the defendant's plea of guilty to Count Four of the Third Superseding Indictment charging him with aiding and abetting interstate travel to distribute approximately 28 pounds of marijuana for remuneration, in violation of 18 U.S.C. §§ 1952(a)(3) and 2. Thomas D. Stevens appeared on behalf of the United States Probation Department.

The court inquired of the defendant, addressing him personally and by counsel, to determine the competency of the defendant to proceed. The court found the defendant competent.

The court informed the defendant of the maximum penalties to which he will be exposed by virtue of his plea of guilty and defendant acknowledged his understanding of the same.

After considering comments by counsel, the court found the defendant's decision to enter a guilty plea to be fair to both the defendant and the United States for the reasons stated in court.  The court then conditionally approved the guilty plea in the interest of the administration of justice.

The court next inquired as to the defendant's plea and the defendant responded that he intended to plead guilty.  The court explained the range of penalties to which the defendant would be subject by virtue of his guilty plea.  The court also explained the statutes under which this action is prosecuted and the elements which the United States would have had to prove, beyond a reasonable doubt, had the matter been tried.  The Assistant United States Attorney then stated the factual basis establishing that the defendant committed the offense to which he was pleading guilty.  The defendant admitted that the factual basis as stated was substantially true.

The court further informed the defendant, pursuant to the requirements of Rule 11 of the Federal Rules of Criminal Procedure, of the constitutional and other rights he would waive by pleading guilty to the count in the indictment.  The court then determined that the defendant understood those rights.  The court advised the defendant that he could not withdraw his plea if he was dissatisfied with the sentence rendered.

The court inquired of the defendant personally as to whether any threats or promises had been made to him to induce him to plead, whether any predictions were made regarding the sentence he might receive, and whether he had any second thoughts about entering a plea of guilty, to which questions the defendant responded in the negative.

Based upon the defendant's plea of guilty, as well as his factual admission of guilt, the court found that there existed a factual and legal basis for the defendant's plea of guilty. Based upon the United States' proffer of evidence against the defendant, the court found that there also existed an independent factual basis for the defendant's plea of guilty. The court further found that the defendant tendered his plea of guilty voluntarily and with a full understanding and awareness of the constitutional and other rights which he gives up by pleading guilty, and with an awareness of what the United States would have to prove against him if the case went to trial. The court further found that the defendant had an appreciation of the consequences of his plea and accepted the defendant's plea of guilty. The court found and adjudged defendant guilty.

The defendant was remanded to the custody of the United States Marshal's Service.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the

Southern District of West Virginia and the Probation Office of this court.

      **IT IS SO ORDERED** this 22nd day of December, 2011.

                                  ENTER:

                                  David A. Faber
                                  Senior United States District Judge